McCutcheon & Church et al. v. Ben O. Smith.

No. 3104. Decided May 31, 1922.

(242 S. W., 454.)

1.—Constitutional Law—Limitation—Extension of Period.

Article 5695, Revised Statutes, as amended by the Act of August, 1913, Laws, 33d Leg., 1st Called Session, ch. 27, p. 39, is unconstitutional so far as it attempts to extend for four years the time for suits to foreclose liens securing debts which were already barred by limitation at the time of its

enactment (Cathey v. Weaver, ante, p. 515, 240 S. W., 447, followed). But it was valid as applied to such of a series of vendor's lien notes as were not previously barred, it being within the power of the Legislature to extend, as to them, the period of limitation. (Voigt v. Gulf, W. T. & P. Ry. Co., 94 Texas, 357, followed). (Pp. 559, 560.)

### 2.—Same—Proportional Period.

The clear provision of the statute (Act of August, 1913, Laws, 33d Leg., 1st Called Session, ch. 27, p. 39) allowing four years from the taking effect of the law for bringing action for foreclosure, distinguishes it from statutes merely extending generally the period of limitation. The four years so allowed is not to be diminished proportionally by the period during which limitation had already been running under the former law, and the rulings in Gautier v. Franklin, 1 Texas, 732; Odum v. Garner, 86 Texas, 374; and Wright v. Hardie, 88 Texas, 653; are not applicable to cases under this statute. (P. 561.)

Error to the Court of Civil Appeals for the Fifth District.

McCutcheon & Church brought suit against Smith, and appealed from a judgment in favor of defendant. The judgment was affirmed (194 S. W., 831) and appellants thereon obtained writ of error from the Supreme Court.

*W. D. Caldwell,* for plaintiff in error.

The first three notes of the series involved in this suit, to-wit: the notes maturing on December 27, 1906, and 1907, and 1908, respectively, being barred on June 30, 1913, and being barred on November 19, 1913, ·when Article 5695 was finally amended, that part of Article 5695, seeking to revive a cause of action on said notes, or to extend the time in which suit could be brought on said notes, is void, the same being retrospective or retroactive, and in violation of Sections 16 and 19 of Article 1 of the Constitution of the State of Texas, and Section 1 of the Fourteenth Amendment to the Federal Constitution. Articles 5694, 5695, Revised Statutes of Texas; Sections 16 and 19 of Article 1, Constitution of Texas; Section 1 of 14th Amendment to Constitution of U. S.; Section 10, Article 1, Constitution of United States; Campbell v. Holt, 115 U. S., 620, 29 L. Ed., 483; Landa v. Obert, 78 Texas, 33, 14 S. W., 297; De Cordova v. City of Galveston, 4 Texas, 470; Mellinger v. City of Houston, 68 Texas, 37; Maynard v. Freeman, 60 S. W., 334; Lawrence v. City of Louisville, 96 Ky., 595, 29 S. W., 450; Hooks v. Kirby, 124 S. W., 156; Wing v. Dunn, 127 S. W., 1101; Kepler v. Applegate & Lewis Coal Co., 153 Ill. Apps., 582; Rhodes v. Cannon, 164 S. W., 752; Heath v. Hazelip, 167 S. W., 905.

The last two notes of the series involved in the suit, to-wit: the notes maturing on Dec. 27, 1909, and 1910 respectively, were barred by the statutes of limitation at the time appellee, Ben O. Smith, filed his cross-action in this suit, to-wit: Oct. 30, 1915, and the trial court committed error in rendering judgment on said two notes. Odum v. Garner, 86 Texas, 374; Wright v. Hardie & Co., 88 Texas, 653; Gautier v. Franklin, 1 Texas, 732.

Our Supreme Court has adopted the rule, that upon the substitution of a new term of limitation, the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis or the ratio that the unexpired time under the old law bears to the whole time. That is, that if under the old two-thirds of the time has expired, then one-third of the new law would be allowed within which to sue. Gautier v. Franklin, 1 Texas, 732; Odum v. Garner, 86 Texas, 374.

*Capps, Canty, Hanger & Short,* for defendant in error.

Plaintiffs Currie McCutcheon, Marion S. Church and William F. Todd having come into a court of equity, seeking equitable relief, thereby subjected themselves to the jurisdiction of the court to decree equity between the parties. And the trial court, having found both from the facts and from plaintiffs' petition that plaintiffs were seeking to secure the land in question without paying the purchase price therefor, probably entered a judgment for the sale thereof, directing the application of the proceeds to the payment of appellee's vendor lien notes, and plaintiffs are not entitled to complain thereof. San Antonio & A. P. Ry. Co. v. Gurley, 92 Texas, 229.

The judgment of the trial court was clearly correct as to the two last notes, maturing, respectively, Dec. 27, 1909 and 1910, since four years had not elapsed since they became due, at the time amended article 5695 became effective, Nov. 20, 1913; and the Legislature could beyond question, therefore extend the time within which a suit to foreclose the lien securing the same could be brought, it being a well settled rule of law that no person has a vested right to demand of the law-making power that the period of limitation in force at the time a contract is executed shall be continued in effect, nor does such period of limitation enter into or form a part of a contract. And since the assignment complains that the judgment was contrary to the evidence with respect to all five notes, and must be sustained or overruled in toto, said assignment must be overruled. As to all causes of action not actually barred the Legislature beyond question possesses the power to extend the period of limitation, or remove the bar altogether. Voigt v. Gulf, W. T. & P. Ry. Co., 94 Texas, 357, 60 S. W., 658.

No one has a vested right in a statute of limitation, or in any particular remedy. De Cordova v. Galveston, 4 Texas, 470, 479; Bentinck v. Franklin, 38 Texas, 458; Worsham v. Stevens, 66 Texas, 89, 17 S. W., 404; Bender v. Crawford, 33 Texas, 745, 752; Treasurer v. Wygall, 46 Texas, 447, 457; Watson v. Boswell, 73 S. W., 985; Campbell v. Holt, 115 U. S., 620; Power v. Telford, 60 Miss., 195; Kipp v. Johnson, 31 Minn., 360. Statutes of limitation in force at

the time of the execution of a contract form on part of its obligation. Gautier v. Franklin, 1 Texas, 732; De Cordova v. Galveston, 4 Texas, 470, 479; Bender v. Crawford, 33 Texas, 745, 752; Bentinck v. Franklin, 38 Texas, 458; Lewis v. Davidson, 51 Texas, 251; Campbell v. Holt, 115 U. S., 620, 29 L. Ed., 483.

The trial court's judgment was the only judgment that could properly have been rendered, since, at the time article 5694 was amended by the regular session and article 5695 was again amended at the special session, of the Thirty-Third Legislature, appellee's right to sue to rescind the sale and recover the land had not become barred, but still existed. Appellants' title to the property, free of the rights of appellee, not having become vested, the Legislature could therefore, without violating the Constitution, extend the time within which an action to foreclose the vendor's lien securing the five notes executed by appellant Mary Todd could be brought.

The test of retroactivity is not whether a hope, expectancy or mere inchoate right, but whether a *vested right* to possess certain things according to the laws of the land is impaired or defeated. Hamilton v. Flinn, 21 Texas, 731, 716; Sutherland v. DeLeon, 1 Texas, 250, 305, 46 Am. Dec., 400. As long as there remains to the owner any remedy for the recovery of property, it is competent for the legislature to give him additional remedies, or to restore old ones lost by lapse of time. Power v. Telford, 60 Miss., 195; Kipp v. Johnson, 31 Minn., 360, 17 N. W., 957; Whitney v. Wegler, 54 Minn., 235, 55 N. W., 927; 8 Cyc., 923. The remedy of rescission was still open to appellee when Amended Article 5695 was enacted. Woodward v. Ross, 153 S. W., 158 (writ denied); Miller v. Linguist, 141 S. W., 170.

A vested right is one that has become fixed or established, and is no longer open to doubt or controversy. Downs v. Blount, 95 C. C. A., 289, 170 Fed., 15; Evans-Snider-Buell Co. v. McFadden, 44 C. C. A., 494, 105 Fed., 293; Graham v. Great Falls W. P. & T. Co., 30 Mont., 393; Steers v. Kinsey, 68 Ark., 360; Brooklyn Union Gas Co. v. City of New York, 100 N. Y. Supp., 570; Cooley's Const. Lim., (6th Ed.) 438.

The legislature may, without violating any constitutional inhibition, give a new remedy for the enforcement of a right, or provide a remedy which is additional or cumulative. Sutherland v. DeLeon, 1 Texas, 250; Standifer v. Wilson, 93 Texas, 232; Fristoe v. Blum, 92 Texas, 76; Johnson v. Taylor, 60 Texas, 360.

No one can have a vested right in the Statute of Limitations or in any particular remedy. De Cordova v. Galveston, 4 Texas, 470; Bentinck v. Franklin, 38 Texas, 458; Worsham v. Stevens, 66 Texas, 89; Bender v. Crawford, 33 Texas, 745; Treasurer v. Wygall, 46 Texas, 447; Watson v. Boswell, 73 S. W., 985.

A statute of limitations so far pertains to the remedy as not to confer a vested right which would prohibit an extension of the time

in which the suit may be instituted. Bender v. Crawford, 33 Texas, 745; Lewis v. Davidson, 51 Texas, 251, 256; Gautier v. Franklin, 1 Texas, 732; McMillian v. Werner, 35 Texas, 419; Rivers v. Washington, 34 Texas, 267; Wood v. Welder, 42 Texas, 396; Campbell v. Holt, 115 U. S., 620, 29 L. Ed., 483.

Amended Article 5695, effective November 20th, 1913, explicitly granting to the holders of notes executed subsequent to the 14th day of July, 1905, four years after it became effective within which to bring suit to enforce the lien securing such notes, gave to the holders of notes coming within its terms the full period of four years after November 20th, 1913, within which to file suit to foreclose the liens securing same; and appellee's suit, filed October 30th, 1915, was, as to said two notes last maturing on Dec. 27, 1909 and 1910, respectively unquestionably filed within proper time. Appellee's suit was seasonably filed. Cayce v. Lewis, 2 Texas, 294. The courts must enforce the laws as the Legislature has enacted them, and when the purpose of a legislative act is obvious from the language of the law itself, there is nothing left for construction. Dodson v. Bunton, 81 Texas, 655, 17 S. W., 507; Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 601, 604, 22 S. W., 1014; Pierce v. Wright, 33 Texas, 631, 633; Fire Association of Philadelphia v. Love, 101 Texas, 376, 108 S. W., 158. The Supreme Court has no power to adopt a rule in contravention of a Statute. M. K. & T. Ry. Co. of Tex. v. Beasley, 106 Texas, 160, 155 S. W., 183; Payne v. Ellwood, 163 S. W., 93, 97.

MR. CHIEF JUSTICE CURETON delivered the opinion of the Court.

On December 27, 1905, the defendant in error, Ben O. Smith, conveyed to Mrs. Mary Todd 736½ acres of land in Rains county. The trial court made findings of fact as to the amount and method of payment of the consideration as follows:

"I find that the consideration for said conveyance was the sum of $3,687.50, paid and secured to be paid by Mrs. Mary Todd as follows:

"Four hundred eight-seven dollars and fifty cents cash, and the execution and delivery by said Mrs. Mary Todd of five promissory notes of even date with said deed, due and payable to the order of Ben O. Smith as follows: Five hundred dollars on December 27, 1906; $675 on December 27, 1907; $675 on December 27, 1908; $675 on December 27, 1909; and $675 on December 27, 1910—with interest on the said notes at the rate of 9 per cent. per annum, past-due interest to draw interest at the rate of 10 per cent. per annum until paid.

"That each of said notes and the deed of conveyance aforesaid recited therein a vendor's lien upon the land described in said deed and said notes to secure the payment of the notes; said notes being in the ordinary form of vendor's lien notes.

"That each of said notes further provide for the payment of 10 per cent. upon the principal and interest due as attorney's fee if sued upon or placed in the hands of an attorney for collection.

"That none of said notes were paid, save and except the sum of $200 on the first note on February 7, 1907, which was duly credited thereon, and the interest was paid on all of said notes to December 27, 1906."

The court also found that the attorney's fees provided for were reasonable, and that the same had become due and payable.

On July 16, 1915, Mrs. Todd conveyed an undivided one-seventh interest in the land to McCutcheon & Church, and the remaining six-sevenths to William F. Todd. This suit was brought on August 5, 1915, by McCutcheon & Church and William F. Todd against defendant in error, Ben O. Smith, to remove cloud from their title to said land, on the ground that the notes above named, the vendor's lien securing them, and the superior title of the vendor, were barred by limitation. Smith answered on October 30, 1915, and by way of cross-action impleaded Mrs. Todd, and prayed, as against all the parties, for a rescission of the contract of sale and a recovery of the land. He also prayed in the alternative for a personal judgment against Mrs. Todd on the notes, and a foreclosure of the vendor's lien for the amount due on all the notes against Mrs. Todd and plaintiffs in error who had brought the suit. The trial court rendered judgment in favor of defendant in error establishing his lien for the balance due, principal, interest, and attorney's fees on all of the notes as against all parties, and awarding the necessary process for a sale of the land in satisfaction thereof, but did not render a personal judgment against Mrs. Todd. The trial court's judgment was affirmed by the Court of Civil Appeals (194 S. W., 831), and the case is now before this court on writ of error.

It is unnecessary to discuss the assignments of error in detail. We have examined them, and they appear to be sufficient to raise the questions decided in this opinion.

The first, second, and third notes of the series of notes named above were due respectively on December 27, 1906, 1907, and 1908, and were barred respectively four years from these dates; the last of the three being barred in December, 1912. The trial court and the Court of Civil Appeals, however, held that the lien securing these three notes was revived and extended by that paragraph of article 5695, Revised Statutes, as amended by an act of the Legislature effective on November 18, 1913, which reads:

"And further provided if any such obligations executed subsequent to July 14, 1905, were barred by the four-years' statute of limitation on the 30th of June, 1913, the owners thereof shall have four years within which to bring suit to enforce the lien securing the same." Chapter 27, General Laws of the First Called Session of the

Thirty-Third Legislature (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695).

In an opinion of this court (Cathey v. Weaver, 111 Texas, 515, 240 S. W., 447) not yet [officially] published, we have held that this paragraph is unconstitutional and void.

The lien to secure these three notes, therefore, was not revived or extended by that act. The notes and liens were barred by limitation, and the court erred in establishing so much of the debt as was evidenced by these notes and directing a foreclosure of the lien in satisfaction thereof.

The fourth and fifth notes of this series were due respectively December 27, 1909, and 1910, and the notes were not barred until four years after these respective dates, to wit, in December, 1913, and 1914. They were therefore valid, subsisting, and enforceable obligations on November 18, 1913, when chapter 27 of the General Laws of the First Called Session of the Thirty-Third Legislature became effective. However, the defendant in error, Smith, did not file suit to foreclose the lien securing these notes until he filed his cross-action in this case on October 30, 1915, and at a time when both of these notes were barred by the statute of four years limitation, unless the limitation period had been extended by the act of the Legislature just named. These notes and the lien securing them being valid, subsisting, and unsatisfied obligations at the time this legislative act became a law, the limitation period as to them could be extended. Voigt v. Gulf, etc., Ry. Co., 94 Texas, 357, 365, 60 S. W., 658; 17 R. C. L., p. 672, sec. 12.

The provision contained in Chapter 27 of the General Laws of the First Called Session of the Thirty-Third Legislature, relied upon as having extended the period of time within which suit might be brought to foreclose the lien securing the two notes now under discussion, reads as follows:

"And provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendor's lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years' statutes of limitation when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same."

We have concluded that this provision is sufficient to extend, and that the effect of it was to extend, the time within which suit could be brought to foreclose the lien securing the last two notes referred to for four years from November 18, 1913. Having reached this conclusion, it is clear that the lien securing the last two notes, each

for $675, was a valid, subsisting lien when defendant in error filed his cross-action for its foreclosure on October 30, 1915. Defendant in error, therefore, had the right to maintain an action for the foreclosure of the lien to secure the amount of these notes, principal, interest, and attorney's fees.

Plaintiffs in error contend that these two notes were barred by limitation under the rule of proportion announced in Gautier v. Franklin, 1 Texas, 732, and other cases. We do not agree with this contention, and think the Court of Civil Appeals correctly disposed of this issue.

From the foregoing it follows that the judgment of the trial court must be reformed by reducing the amount for the satisfaction of which a foreclosure is ordered to the extent that the same was based on the first three notes described in the court's findings of fact, heretofore set out in this opinion, but permitting a foreclosure of the vender's lien for the amount of the principal, interest, and attorney's fees due on the last two notes on December 1, 1915, the date of the judgment below.

The judgment of the trial court is therefore reformed by substituting for the amount assessed as being due on December 1, 1915, on all of the notes, the amount due as principal, interest, and attorney's fees on the last two notes, to wit, the sum of $3,151.43; and, in the judgment of the trial court, wherever the amount of $7,000.95 is named, there is hereby substituted therefor and in lieu thereof the sum of $3,151.43.

The judgment of the trial court and of the Court of Civil Appeals as thus reformed is affirmed.

GREENWOOD, J., not sitting.