## GRAHAM v. CITIZENS' NAT. BANK OF HILLSBORO. (No. 43.)* ·

(Court of Civil Appeals of Texas. Waco. Feb. 7, 1924. Rehearing Denied March 6, 1924.)

1. **Vendor and purchaser ⬤≫278—Suit on lien notes barred, though other notes of same series not barred; "then."**

Under Rev. St. art. 5694, as amended in 1913 (Laws 1913, c. 123 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5694]), requiring an action upon a vendor's lien note to be brought within four years after maturity, and providing that, "if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years' statute of limitations," an action on vendor's lien notes was barred by limitations as to notes which had matured more than four years before commencement of suit, though the action was brought within four years after maturity of other note of same series, since the word "then" within the statute refers to the time when the suit is filed and not the time of the maturity of the last note, in view of article 5502, § 6, article 5688, and articles 5693 and 5695, as amended by Laws 1913, c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693, 5695).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Then.]

2. **Statutes ⬤≫178—Statute requiring search for legislative intent should be strictly followed.**

Rev. St. art. 5502, § 6, requiring the court, in interpreting statutes, to look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil, and the remedy, should be strictly followed by the courts in the construction and interpretation of statutes.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by the Citizens' National Bank of Hillsboro against Tom Graham. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Frazier & Averitte, of Hillsboro, for appellant.

Collins, Dupree & Crenshaw, of Hillsboro, for appellee.

BARCUS, J. On January 28, 1914, appellant purchased from appellee a tract of land in Hill county, and as part of the consideration therefor executed his five notes, the first due January 1, 1915, and one on the 1st of January of each year thereafter, the last note being due January 1, 1919; each being for the sum of $273.25. The first two notes were paid. On March 17, 1922, appellee filed this suit to recover on the last three notes, due January 1, 1917, 1918, and 1919, respectively.

Appellant pleaded the four years' statute of limitation with reference to the notes due January 1, 1917 and 1918, and tendered to appellee in court the full amount due on the last of said notes, together with costs that had accrued up to that time. The trial court overruled appellant's plea of limitation and rendered judgment for the full amount of the three notes sued for, together with a foreclosure of the vendor's lien.

[1] The only question presented by appellant is as to the court's action in overruling his plea of limitation. The determination of this question involves the construction to be placed on article 5694 of the Revised Statutes as amended in 1913 (Laws 1913, c. 123 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5694]). Said statute provides, in substance, that a vendor's lien as well as the note is barred four years after maturity, and the last paragraph reads as follows:

"Provided, if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years' statute of limitations."

It is the construction of the paragraph quoted which is involved in the determination of this cause. Appellee contends that the word "then" used refers to the time of the maturity of the last note, and that it was the intention of the Legislature that all notes not barred by the four years' statute of limitation when the last note became due could be sued upon at any time within four years after said last note matured; that, as applied to this case, appellant had four full years after the maturity of the last note in which to file suit on said last three notes.

Appellant contends that the word "then" refers to and should be construed as meaning the time when the suit is filed; that it was the intention of the Legislature to permit a party who held a series of vendor's lien notes to either sue for the land or to sue to foreclose his vendor's lien at any time within four years after the last note matured, and in said suit to recover judgment on all

the notes that were not barred by the four years' statute of limitation at the time the suit was filed.

[2] Article 5502 of the statutes gives the general rule for the construction of statutes. Section 6 thereof provides:

"In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

This rule should be strictly followed by the courts in the construction and interpretation of the statutes; the difficulty of course being to determine the legislative intent.

In Russell v. Farquhar, 55 Tex. 355, the Supreme Court said:

"While it is for the Legislature to make the law, it is the duty of the courts to 'try out the right intendment' of statutes upon which they are called to pass, and by their proper construction to ascertain and enforce them according to their true intent. For it is this intent which constitutes and is in fact the law."

In Edwards v. Morton, 92 Tex. 152, 46 S. W. 792, Judge Brown of the Supreme Court, in discussing the question of the construction of statutes, said:

"The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of a statute when it leads away from the true intent and purpose of the Legislature, and to conclusions inconsistent with the general purpose of the act."

In Headlee v. Fryer (Tex. Civ. App.) 208 S. W. 213 (writ dismissed), the court said:

"It is an old rule that statutes are to be construed with reference to the object intended to be attained, and that they should be given that construction which is best calculated to advance such object. * * * The rule is to extend the statute to cases not within the words, but within the purpose thereof. * * * 'A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter.'"

Article 5688 of the Statutes provides that actions for debt founded upon any contract in writing is barred four years after maturity. Prior to the act of 1913 under article 5694 a vendor's lien note was not barred until ten years after maturity. Article 5695, as amended in 1913, provides for four years from the time the statute took effect in which holders of vendor's lien notes then past due might bring suit. A careful reading of articles 5693, 5694, and 5695, as amended in 1913 (Laws 1913, c. 123 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695]), will, we think, show that the Legislature was endeavoring to make the four years' statute of limitation apply to notes secured by liens on real estate.

Different phases of this statute have been under consideration by the courts since its amendment. In Tullos v. Mayfield (Tex. Civ. App.) 198 S. W. 1073, it was held that vendor's lien notes, more than four years past due at the time suit was filed, were barred by the statute of limitation. In Poole v. Cage (Tex. Civ. App.) 214 S. W. 500 (writ refused), the holder of several notes secured by deed of trust filed suit, and it was held that plaintiff could not recover on the notes that were more than four years past due, being barred by the four years' statute of limitation. In McCutcheon & Church v. Smith, 111 Tex. 554, 242 S. W. 454, the Supreme Court, in construing certain portions of this statute, held that holders of vendor's lien notes that were not barred by limitation when the act took effect had four years after said time in which to file suit.

None of the decisions, however, that we have found have discussed the question involved in this litigation. If the construction placed on the statute by the trial court is correct, the Legislature has given to a party holding different notes secured by the same vendor's lien, maturing at different dates, preference over notes dated at same time secured by different deeds of trust. If the three notes in controversy herein had been secured by three different deeds of trust, then clearly under article 5693 each note would have been barred four years after its maturity. If the same three notes were secured by one deed of trust, then under appellee's contention the first note would not be barred until seven years after its maturity. This would be class legislation. If a tract of land was sold to be paid for in ten annual payments, and none of the notes were paid, under appellee's contention the holder of the notes would have four years after the maturity of the last note to file suit on the last four notes of the series, and the first six notes of the series of ten would be barred four years after their respective due dates. We cannot believe that it was the intention of the Legislature to make that distinction. No reason satisfactory to our minds has been advanced as to why the Legislature should have required the holder of a series of ten notes, payable in annual installments, to file suit on each of the first six notes within four years after the maturity thereof, and then give him eight years in which to file suit on the note that matured four years before the last note matured. We do not believe that is a proper construction to be placed on said statute. The Legislature evidently intended all vendor's lien notes, as well as the lien securing them, to be barred four years after maturity. We believe the proper construction to be placed on the word "then" as used in said statute refers to the time when suit is filed. Any other construction would make vendor's lien notes as a general rule barred four years after maturity, with exceptions to the general rule in special cases. Unless

the Legislature clearly intended that some vendor's lien notes under certain conditions should have a longer period than four years to run before being barred, the statute should not be so construed. The Constitution provides that laws shall be uniform and equal, and to apply to one class of vendor's lien notes a different statute from the general class would at least savor of class legislation.

The notes maturing January 1, 1917 and 1918, were barred by the statute of limitation when the suit was filed in March, 1922, and the trial court erred in rendering judgment thereon. The appellant having tendered appellee the full amount of the last note, principal, interest, attorney's fees, and costs in the trial court, it is therefore the judgment of this court that this cause should be reformed, allowing appellee judgment against appellant for $411.95, being amount of principal, interest, and attorney's fees due at the date of trial on the note for $273.25 maturing January 1, 1919, and that appellant pay costs of the trial court and appellee pay all other costs.

Judgment of the trial court reformed and affirmed.