## CITIZENS' NAT. BANK OF HILLSBORO v. GRAHAM. (No. 653–4160.)

(Commission of Appeals of Texas, Section A. Oct. 14, 1925.)

Vendor and purchaser ⬥278—Payment of vendor's lien notes, not barred by general statute at maturity of one bearing latest maturity date, enforceable with vendor's lien by suit filed within four years after such date.

Under Rev. St. 1911, art. 5694, as amended by Acts 1913, c. 123, § 2 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5694), where consideration for sale of realty is evidenced, wholly or partly, by more than one vendor's lien note, payment of all such notes as are not barred by limitation, under Rev. St. art. 5688, at maturity of note bearing latest maturity date, may be enforced with vendor's lien by suit filed within four years after such date; application of article 5688 having been modified and superseded by article 5694 to such extent.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by the Citizens' National Bank of Hillsboro against Tom Graham. Judgment for plaintiff reversed in part by the Court of Civil Appeals (258 S. W. 1103), and plaintiff brings error. Reversed, and district court's judgment affirmed.

Collins, Dupree & Crenshaw, of Hillsboro, for plaintiff in error.

Frazier & Averitte, of Hillsboro, for defendant in error.

HARVEY, P. J. On January 28, 1914, by deed of that date, the plaintiff in error, the Citizens' National Bank of Hillsboro conveyed to Tom Graham, the defendant in error, a certain tract of land in Hill county. A part of the consideration for said conveyance was evidenced by a series of five promissory notes, of even date with said deed, executed by Graham to said bank, maturing respectively, according to their face and tenor, November 1, 1914, January 1, 1916, January 1, 1917, January 1, 1918, and January 1, 1919. The vendor's lien was expressly reserved in said deed to secure the payment of all said notes. The vendor's lien on said land was also expressly retained in each of said notes to secure the payment

thereof. The first two of said notes were paid prior to the filing of this suit. The last three of said notes, being the ones maturing on the 1st day of January, A. D. 1917, 1918, and 1919, respectively, have not been paid, and this suit was filed by said bank on March 17, 1922, seeking to recover on said three last-mentioned notes, and for foreclosure of the said vendor's lien securing the payment of same. The defendant in error, in due time, filed answer to said suit, whereby, among other things, he set up a plea of four years' limitation in bar of plaintiff's recovery on the two notes which matured respectively on January 1, 1917, and January 1, 1918, such plea in bar being directed both to said two notes and to the vendor's lien securing payment of same. Upon trial in the district court said plea of limitation was denied, and the court, finding said last three notes to be unpaid, rendered judgment in favor of said bank for the recovery of the amount due thereon, with foreclosure of said lien. Upon appeal from said judgment, the Court of Civil Appeals at Waco held that the said two notes, which matured respectively on January 1, A. D. 1917 and 1918, were barred by limitation at the time of the filing of this suit, and rendered judgment accordingly, but allowed recovery on the note maturing January 1, A. D. 1919, with foreclosure. 258 S. W. 1103. This court is here called upon, in due form, to review such action of the Court of Civil Appeals in holding said two notes to be barred by limitation as above stated, and the correctness of such holding is the only question now before this court.

The determination of such question depends upon the meaning of a portion of article 5694 of the Revised Civil Statutes of 1911, as amended by chapter 123 of the Legislative Acts of 1913, which article reads as follows:

"Art. 5694. The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of the maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon, and the lien reserved in any such notes and deeds conveying the land shall cease to exist four years after the note or notes have matured, provided the lien reserved in such note or notes may be extended as provided in section 5695 of this chapter and provided, if several obligations are secured by

said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years statute of limitations."

The particular part of the above-quoted statute, which governs the facts involved here, is that portion embraced within the concluding clause thereof, reading as follows:

"And provided, if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years statute of limitations."

This is the clause which will now be examined for the purpose of interpretation, and, in making such examination, it becomes proper to examine into the state of the law, so far as pertinent, as it existed immediately prior to the enactment of article 5694 in its present form, hereinabove quoted. Said article, as above stated, was enacted in the year A. D. 1913, in amendment of old article 5694, which theretofore read as follows, and which the new amended article superseded, to wit:

"Art. 5694. When a vendor's lien is retained to secure purchase money in any sale of real estate after July 14, 1905, the right to recover such real estate by virtue of the superior title retained shall be barred after the expiration of ten years from maturity of the debt; and if suit is not brought for recovery of such real estate within such term, the purchase money therefor shall be conclusively presumed to have been paid."

It will be noted that the last-quoted statute did not deal with the right to sue for the debt evidenced by vendor's lien notes, nor with the incidental right of foreclosure of the vendor's lien securing the payment of such debt, but dealt only with the right of rescission of the sale and the recovery of the real estate by virtue of the superior legal title reserved to the vendor in such sale. While such old statute was in force, in the form last above quoted, the statutory period of limitation applicable to suits for recovery on purchase-money notes, given for real estate and for foreclosure of the vendor's lien securing same, was regulated exclusively by the provisions of article 5688 of the Revised Civil Statutes of 1911, the germane portions of which read, prior to the amendment of article 5694 in 1913, and still now read, as follows:

"Art. 5688. There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing. * * *"

Prior to the amendment of article 5694, as hereinabove stated, suit on a note given for purchase money of real estate was barred four years after maturity of such note, under and by virtue of the provision of article 5688, above quoted; and, such debt being thereby barred, the vendor's lien incident thereto became unenforceable to secure the payment of such note. This was the effect of such last-named statute on the cause of action evidenced by such a promissory note, regardless of whether said note was the sole consideration for said real estate or was only one of several notes maturing on later dates given for such consideration.

Such was the law on the subject in 1913, when the Legislature so amended article 5694 as to bring within the scope of its provisions suits to recover purchase money for real estate.

We are constrained to believe, and do so hold, that, by the language used in the concluding clause of said amended article, which clause we have hereinbefore separately quoted, the Legislature intended to modify the law as it had theretofore existed relative to suits for purchase money for real estate, and meant to establish and did thereby establish a distinct rule to govern such cases as come within purview of such rule, regardless of any general rule which might otherwise have governed same. The meaning and effect of such distinct rule, so established by said clause, is as follows, to wit: In cases where the consideration for a given sale of real estate is evidenced, either wholly or partly, by more than one promissory note secured by the vendor's lien on such real estate, as in this case, the payment of all such notes as are not barred by limitation under the provisions of article 5688 of Revised Statutes of 1911 at the time of maturity of the one of such several notes bearing the latest maturity date, may be enforced, together with the vendor's lien securing such notes, by suit filed any time before the expiration of four years after said maturity date of said last above described note.

To the extent just shown, the application of said article 5688 has been modified and superseded by the clause of article 5694 under interpretation.

In what we have said herein, we have intended to announce the rule only so far as a state of facts substantially similar to the one before us is concerned. We have not undertaken to determine the meaning of said statutory clause under interpretation with reference to any state of facts materially different, in any respect, from the facts of this case. We are of opinion that the Court of Civil Appeals erred in holding two of the notes sued on to be barred, as it did, and we recommend that the judgment of said court be reversed, and that the judgment of the trial court, herein rendered, be in all things affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.