## FANNIN COUNTY v. RENSHAW.
### No. 3863.

Court of Civil Appeals of Texas. Texarkana. June 20, 1930.

Rehearing Denied June 26, 1930.

Reuben Loftin, of Henrietta, and F. A. Dale, of Bonham, for appellee.

LEVY, J. (after stating the case as above).

■ It is believed that the trial court has correctly decided the points reflected in his conclusions of law and which are presented on appeal for review. The Act of 1929, First Called Session, c. 95, p. 234 (Vernon's Ann. Civ. St. art. 7331a), which was made the basis of the court's ruling, authorizes persons who served as county tax collectors from 1915 and before 1925 to demand payment by suit or upon verified claim filed with the county commissioners' court, and makes it the duty of the several counties to pay "the fees and commissions set out and provided for in section 3 of chapter 147, Acts of the Regular Session of the 34th Legislature, 1915," which has been "collected and paid over to the Treasurer of such county." It is expressly provided therein that "no plea of limitation shall be available to such county as a defense to any such suit." The act recites, as the necessity which led to its enactment, that, since "many Tax Collectors, acting under said Act [of 1919], have erroneously paid money to some of the counties of this State," such tax collectors are entitled "to collect and recover all such fees and commissions so paid over by him," because "the Supreme Court of Texas in the case of Bitter v. Bexar County [Com. App.] 11 S.W.(2d) 163, has held that Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919, is unconstitutional." A clearer meaning appears by referring to section 3 of chapter 147, Acts of the Regular Session of the Thirty-Fourth Legislature, 1915, which provided that delinquent tax fees and commissions were expressly allowable by that section to the tax collector "in addition to the compensation and costs now allowed by law." The amendatory act referred to of "Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919," provided that all such delinquent tax fees and commissions allowable to the tax collector were required to be "accounted for as fees of office under the maximum Fees Bill." This amendatory act of 1919, as held thereafter in December, 1928, in the appeal of the case of Bitter v. Bexar County, did not have the effect to legally amend or change the act of 1915, and the act of 1915 remained in full force respecting such increased compensation allowed to the tax collector. As very clearly appears from the purposes of the enactment and the ends to be accomplished, the act of 1929 is entirely remedial in its nature, and the Legislature intended · it to be so as effectually and completely as the language used. The act recognizes and in effect operates to provide that the delinquent tax fees and commissions were allowable as increase in the tax

Fred S. Rogers and C. A. Wheeler, both of Bonham, for appellant.

collector's compensation by the prior act of 1915 and the same should continue to be pecuniary obligations and liabilities with respect thereto by the several counties, although such delinquent tax fees and commissions were in 1919 and afterwards mistakenly included in the residue due the counties. It was not contemplated that such claim should be subjected to pleas of the county of voluntary payment or estoppel because of the fact that the tax collector had paid over the funds upon the supposition at the time the same was compensation that he was not entitled to receive. The character of the claim was such that the counties were under moral obligation to pay it, for the counties paid and the tax collectors received no consideration for the relinquishment of the balance of such compensation to which they were legally entitled. And the act further expressly provided that the lapse of time would not bar the claim by limitation. The act was remedial to afford protection against such pleas, and was valid and within the power of the Legislature to pass. County of Caldwell v. Harbert, 68 Tex. 321, 4 S. W. 607, 610; 43 C. J. § 301, p. 279. Quoting from the case of County of Caldwell, supra: "We see no reason to doubt the power of the legislature, over one of the municipal subdivisions of the state, to require the payment of any just debt after the lapse of such time as would bar it by limitation. Dill. Mun. Corp. 57–76. Such would have been the effect of the act of April 2, 1883, had the claims been barred."

We think that principle of law has full application to the present case. The appellant insists, though, that the right of the county to urge the bar of limitation was "a vested right and a property right," and cites the following cases: Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, at page 453; McCutcheon v. Smith, 111 Tex. 554, 242 S. W. 454; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. Statutes of limitation relating merely to the remedy do not give vested rights. The limitation provided for in the act in controversy simply defeats the remedy. There is an essential distinction between a statute simply limiting the remedy and a statute which not only bars the remedy but also extinguishes the right to the thing or property in question. In the one case the right is extinguished, while in the other the right still exists but the remedy therefor is taken away.

It appears that the Act of 1929 was repealed by the Act of 1930, Fourth Called Session, c. 3, p. 3. The latter act became effective February 14, 1930. The judgment was rendered and notice of appeal given in the present case on December 5, 1929. The trial court finally adjourned for the term on December 7, 1929. The record was filed in this court on February 22, 1930. The repealing act can be construed as prospective only, and not effective as to suits already tried and appealed before its passage.

The judgment is affirmed.

### On Motion for a Rehearing.

Upon a review of the record we think, as urged by appellant, there was error in affirming the judgment. We failed to observe that the bar of limitation had already been completed upon the whole of the appellee's cause of action before the act of 1929 was passed. Quoting from 37 C. J. p. 696: "A statute providing that specified causes of action shall not be affected by the statute of limitations keeps alive such causes of action as are not barred when the statute is passed."

But, as the result of authorities, the following proposition is laid down in 12 C. J. p. 980, § 576(3): "Statutes affecting causes of action already barred. In most of the jurisdictions the general rule is laid down, without exception or qualification, that the legislature can not remove a statutory bar to a cause of action that has already become complete."

See 17 R. C. L. p. 674; 25 Cyc. p. 988; Wood on Limitation (3d Ed.), §§ 11 and 12, pp. 32–40; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249, 255. As stated in the Mellinger Case, supra: "Or if an attempt were made by law, either by implication or expressly, to revive causes of action already barred, such legislation would be retrospective, within the intent of the prohibition [Sec. 16, Art. 1, Con.], and would therefore be wholly inoperative. We have no doubt that the law is thus correctly stated."

The county can set up the retroactive feature of the act, for the Legislature, in view of the restriction (section 16, art. 1, Const.), cannot compel the county to permit the action and waive the plea of limitation. Therefore it is believed the right of the county, under the facts, must stand as though the act of 1929 had not been passed, so far as the act compels the county to forego the right to plead the bar of limitation. In this view the judgment heretofore entered affirming the judgment of the court below will be set aside and judgment here now entered reversing the judgment of the district court and rendering it in favor of the county. The appellee will pay all costs of the trial court and of this appeal.