The ATTORNEY GENERAL of the State of Texas, Appellant,

v.

William D. REDDING, Appellee.

No. 05–00–01786–CV.

Court of Appeals of Texas, Dallas.

Nov. 19, 2001.

Rhonda A. Pressley, Asst. Atty. Gen., Child Support Litigation, Austin, for appellant.

Shelly Benet West, Johnson & West, Dallas, for appellee.

Before Justices MOSELEY, O'NEILL, and FITZGERALD.

## OPINION

MICHAEL J. O'NEILL, Justice.

The question presented in this appeal is whether issuing an administrative writ of withholding to enforce child support arrearages constitutes a retroactive law in violation of article I, section 16 of the

Texas Constitution when the legislature created the administrative writ after the obligor's child became an adult, but before the obligor's liability for child support became time barred. The trial court concluded issuance of the writ under these circumstances was unconstitutional. Because we disagree with the trial court's conclusion, we reverse the trial court's order and order the writ reinstated.

The obligor in this case, William D. Redding, was divorced on January 27, 1984 and ordered to pay child support for his three minor children. Specifically, the decree required Redding to pay $150 per month until his youngest child reached eighteen or was otherwise emancipated. Redding's youngest child turned eighteen on October 17, 1994, thereby terminating Redding's duty to pay current support. However, Redding had not paid support as required by the decree. Thus, on February 23, 2000, the Attorney General of the State of Texas sent Redding a notice of administrative writ notifying him that funds would be withheld from his paycheck each month to satisfy arrearages he owed. See Tex. Fam.Code Ann. § 158.505 (Vernon Supp.2001). On the same date, the Attorney General delivered the administrative writ to Redding's employer. See Tex. Fam. Code Ann. § 158.503 (Vernon Supp.2001).

Redding filed a motion to withdraw the writ asserting any claim for arrearages was barred by the statute of limitations. At the time the writ was issued, the Texas Family Code allowed an administrative writ to issue "at any time" until all current support and arrearages were paid. In asserting the writ was barred by limitations, Redding relied on the statute of limitations applicable to actions to reduce arrears to judgment that was in effect on October 17, 1994, when his youngest child turned eighteen. Redding asserted that application of the current statute of limitations, or lack thereof, would violate article I, section 16 of the Texas Constitution. After conducting a hearing on stipulated facts, the trial court withdrew the administrative writ. In this appeal, the Attorney General asserts the trial court erred in withdrawing the writ. We agree.

 Article I, section 16 of the Texas Constitution prohibits retroactive laws. See Tex. Const. art. I, § 16. However, a remedial or procedural law that merely provides a more effective method or means of enforcing an existing legal liability does not violate the Texas Constitution's ban on retroactive laws. See Du Pre v. Du Pre, 271 S.W.2d 829, 831–32 (Tex.Civ.App.— Dallas 1954, no writ); Harrison v. Cox, 524 S.W.2d 387, 391–92 (Tex.Civ.App.— Fort Worth 1975, writ ref'd n.r.e.). The general rule is that a new remedial or procedural statute applies to both pending and future actions. See Bruton v. Tex. Power & Light, 44 S.W.2d 462, 463 (Tex. Civ.App.—Dallas 1931, no writ); Brooks v. Tex. Emp. Ins. Ass'n, 358 S.W.2d 412, 414 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). However, a remedial or procedural law cannot operate to deprive a party of vested rights. See Du Pre, 271 S.W.2d at 831.

 Because statutes of limitations are procedural, they generally apply retroactively. Baker Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 4 (Tex.1999) (citing Wilson v. Work, 122 Tex. 545, 547, 62 S.W.2d 490, 490 (1933) (per curiam)). However, a statute of limitations will not be given retroactive effect if to do so would destroy or impair rights which vested before the effective date of the statute. See id. A defendant's right to rely on a statute of limitations vests when the limitations period expires. See id. Thus, a statute extending limitations of a claim already barred by limitations is a retroactive law and violates the Texas Constitu-

tion. *See id.; In re A.D.*, 8 S.W.3d 466, 467 (Tex.App.—Beaumont 2000, pet. granted). On the other hand, application of an extended statute of limitations to a claim that is not yet barred by limitations does not implicate vested rights. *See McCutcheon & Church v. Smith*, 111 Tex. 554, 560, 242 S.W. 454, 455 (1922); *Voigt v. Gulf W. Tex. & Pac. Ry.*, 94 Tex. 357, 366, 60 S.W. 658, 658 (1901).

At the time Redding's youngest child turned eighteen, the family code provided two mechanisms for enforcement of child support orders—(1) a judicial writ of withholding and (2) an action to confirm and reduce arrearages to judgment. Both proceedings had to be brought within four years of the child's eighteenth birthday. *See* Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, §§ 28, 30, 1989 Tex. Gen. Laws 74, 86, 87. However, effective September 1, 1997, before any claim against Redding for arrears became time barred, the legislature eliminated any time limit in which a judicial writ of withholding could be brought. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 40, 1997 Tex. Gen. Laws 2864, 2872–73 (amended 1999) (current version at Tex. Fam.Code Ann. § 158.102 (Vernon Supp.2001)). At the same time, the legislature created a new remedy for the collection of child support and arrearages—the administrative writ of withholding. Like the judicial writ, the administrative writ could be brought at any time until all arrearages have been paid. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 67, 1997 Tex. Gen. Laws 2864, 2878 (amended 1999) (current version at Tex. Fam.Code Ann. § 158.502 (Vernon Supp.2001)).

The administrative writ did not create any new child support liability on Redding, but rather provided an additional method to enforce his existing liability. *Cf. Ex parte Wilbanks*, 722 S.W.2d 221, 224 (Tex.App.—Amarillo 1986, orig. proceeding) (new statute extending time in which child support could be enforced by contempt did not create new liability); *Harrison*, 524 S.W.2d at 392–93 (new statute allowing unpaid child support to be reduced to judgment did not create new liability). Because Redding had no vested right not to be liable for child support arrearages, the legislature was free to create new remedies with respect to enforcement. *See Harrison*, 524 S.W.2d at 392–93. The legislature was likewise free to alter or remove any time periods in which support could be enforced.[1] *See McCutcheon & Church*, 111 Tex. at 560, 242 S.W. at 455.

Redding nevertheless asserts no administrative writ could issue because the trial court had no jurisdiction to render a *judgment* for arrearages. The legislature did not remove the time limit in which a judg-

---

1. We note that in *In re S.C.S.*, the Houston Fourteenth Court of Appeals concluded that any alteration of the time periods in which actions for enforcement of child support could be brought did not implicate any vested rights because such time periods were jurisdictional, not statutes of limitations. *In re S.C.S.*, 48 S.W.3d 831, 834–35 (Tex.App.— Houston [14th Dist.] 2001, no pet.); *but see In re A.D.*, 8 S.W.3d at 467. We agree with the fourteenth court to the extent that the time periods provided for in the family code concern the trial court's jurisdiction and, as such, are not statutes of limitations. *See Sandford v. Sandford*, 732 S.W.2d 449, 450–51 (Tex. App.—Dallas 1987, no writ). Nevertheless, the issue before us is not whether the time limitations are technically statutes of limitations or jurisdictional time periods, but rather whether Redding had a vested right not to be liable for support when the legislature created the administrative writ and allowed it to be brought at "any time." Because the jurisdictional time limitation had not expired when the legislature created the administrative writ, we need not decide whether expiration of such a time period could have created a vested right.

ment for arrearages could be entered until September 1, 1999, more than four years after Redding's youngest child turned eighteen. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 15, 1999 Tex. Gen. Laws 3058, 3062 (codified as an amendment to Tex. Fam.Code Ann. § 157.005(b) (Vernon Supp.2001)). Although the Attorney General never attempted to obtain a judgment against Redding for past due support, Redding contends that such a judgment is a prerequisite to issuance of an administrative writ. To support this argument, Redding relies on section 158.501 of the family code.

■■■■ Section 158.501(a) provides "the [Attorney General] may initiate income withholding by issuing an administrative writ of withholding for the enforcement of an existing order as authorized by this subchapter." *See* Tex. Fam.Code Ann. § 158.501(a) (Vernon Supp.2001). Redding asserts an "existing order" is limited to (1) a current support order, (2) an order holding an obligor in contempt, or (3) a *judgment* confirming arrearages. Redding concludes that because the trial court lost jurisdiction to enter a judgment for arrearages, and such a judgment is a prerequisite to an administrative writ for arrears, the trial court properly withdrew the writ. The Attorney General responds the definition of "existing" order is not so limited and includes any enforceable order for support, including a child support order in which arrearages remain due. We agree with the Attorney General.

■■■■ The administrative writ statute specifically allows a writ to issue at any time until all child support arrearages are paid. *See* Tex. Fam.Code Ann. § 158.502(a) (Vernon Supp.2001). The statute does not limit its application to enforcement of arrearage judgments. Nor is there anything in the statute that would otherwise suggest an arrearage judgment is a prerequisite to an administrative writ. Indeed, the very purpose of the administrative writ is to allow withholding without the necessity of court action. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 911, 1997 Tex. Gen. Laws 2864, 2864; *see also* 42 U.S.C. § 666(c)(1)(f). We believe that if the legislature intended that an arrearage judgment be a prerequisite to issuance of an administrative writ, it would have explicitly so stated.[2] Consequently, even if the trial court lacked jurisdiction to enter an arrearage judgment, it does not follow an administrative writ could not issue.[3]

■■■■ In reaching this conclusion, we also reject Redding's suggestion that the only statute that would allow a trial court to determine the amount of arrearages due for purposes of withholding is the statute that allows arrearages to be reduced to a judgment. We conclude the writ of withholding statute itself allows the trial court to determine the amount of arrearages. *See* Tex. Fam.Code Ann. § 158.506 (Vernon Supp.2001).

■■■■ Finally, Redding asserts that even if the writ of withholding was valid with

**2.** We also note that the family code *requires* a trial court to order withholding when arrearages are reduced to judgment. *See* Tex. Fam. Code Ann. § 158.005 (Vernon 1996). Because a judgment for arrearages automatically results in court-ordered income withholding, provisions that allow an administrative writ to issue for arrearages would be rendered meaningless if limited to cases in which an arrearage judgment had been obtained. We

will not construe a statute so as to render certain provisions meaningless. *See Titanium Metals Corp. v. Dallas County Appraisal Dist.,* 3 S.W.3d 63, 66 n. 4 (Tex.App.—Dallas 1999, no pet.).

**3.** We make no determination as to whether the trial court had jurisdiction to enter an arrearage judgment.

respect to his youngest child, it was not valid with respect to his older children. Specifically, he asserts his right not to be liable for support for his older children vested before the legislature created the administrative writ. The divorce decree in this case did not order support on a per child basis. Rather, it provided for a flat monthly payment until Redding's youngest child reached eighteen. Therefore, Redding cannot show any amount of support was reserved for his older children, and the trial court had jurisdiction to enforce all the arrearages owed. *See Ex parte Beaupre,* 915 S.W.2d 228, 231 (Tex.App.— Fort Worth 1996, orig. proceeding).

Because the legislature created the administrative writ with no associated time limit before the arrearages claim against Redding became time barred, Redding had no vested right not to be subject to an administrative writ. Consequently, the trial court erred in dissolving the administrative writ. We reverse the trial court's order and order the writ reinstated.