179 S.W.3d 717 (2005)
In the Interest of K.N.P., A Child.
No. 2-04-344-CV.
Court of Appeals of Texas, Fort Worth.
November 10, 2005.
*718 Janice A. Schattman, Fort Worth, for Appellant.
Curtis Wayne Pope, Hurst, pro se.
Kenneth L. McAlister, Fort Worth, for Appellee.
*719 Panel B: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

OPINION
TERRIE LIVINGSTON, Justice.
This case involves a suit by a mother and presumed father to adjudicate paternity of an alleged biological father and obtain child support more than four years after the child's birth. The trial court granted summary judgment in favor of the alleged biological father on statute of limitations grounds. In two issues, appellants Anne and Curtis P. challenge the summary judgment on the ground that family code section 160.607(a), which provides that a suit to adjudicate paternity of a child with a presumed father must be brought within four years of the date of the child's birth, is an impermissible retroactive law. TEX. FAM.CODE ANN. § 160.607(a) (Vernon Supp. 2004-05). We affirm.

Background Facts
K.N.P. was born on February 29, 1992. At the time, Anne, K.N.P.'s biological mother, was married to Curtis,[1] who is K.N.P.'s presumed father.[2] Anne and Curtis knew when Anne became pregnant with K.N.P. that she was probably not Curtis's child because Curtis had undergone a vasectomy.[3] Anne and Curtis initially planned to divorce but reconciled shortly after K.N.P. was born.
When Anne and Curtis learned she was pregnant, they told appellee William, K.N.P.'s alleged biological father. According to Anne, William acknowledged his probable paternity and paid her $600 per month for about 10 months while she was pregnant and for a short time after K.N.P. was born. William did not pay for any prenatal care or childbirth expenses, other than to perform an initial pregnancy test in his office. William stopped paying the $600 when Anne and Curtis reconciled.
In June 2003, Anne was having financial difficulty and asked William for money for K.N.P. He gave her $2,000. In November 2003, he gave her $200 for Christmas presents for K.N.P. According to Anne, he has not paid her any additional support.
Appellants raised K.N.P. as their daughter and gave her their last name.[4] K.N.P. was unaware that Curtis was not her father until after appellants learned the results of the genetic testing in this case. According to Anne, William has "shown virtually no interest in [K.N.P.] ... and has not sought any contact with her."
When K.N.P. was nearly twelve years old, in January 2004, Anne and Curtis filed suit against William seeking to adjudicate William as K.N.P.'s biological father and seeking future and retroactive child support and reimbursement of prenatal and childbirth expenses. They also sought to be named joint managing conservators of K.N.P. William filed a motion for summary judgment on May 11, 2004, contending that appellants' suit was barred by the four-year statute of limitations set forth in family code section 160.607(a). The trial court granted his motion on October 21, 2004.

*720 Is Family Code Section 160.607(a) an Impermissible Retroactive Law?
In their first issue, appellants contend that the statute of limitations in section 160.607(a), as applied to bar their claim, constitutes an impermissible retroactive law. Id. In their second issue, they contend that their suit was timely because it was filed within four years after the effective date of section 160.607(a). Id.
Article I, section 16 of the Texas Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16. It is well settled that "laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past." Tarrant County v. Coyel, 124 S.W.3d 268, 271 (Tex.App.-Fort Worth 2003, pet. denied). On the other hand, no litigant has a vested right in a statute or rule that is remedial or procedural in nature and that affects no vested substantive right. Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 219 (Tex.2002); Coyel, 124 S.W.3d at 271.
The prohibition against retroactive laws derives largely from the sentiment that such laws unfairly deprive people of legitimate expectations. Owens Corning v. Carter, 997 S.W.2d 560, 572 (Tex.1999) (citing Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 1496-97, 128 L.Ed.2d 229 (1994)). Considerations of fair notice, reasonable reliance, and settled expectations play a prominent role when a state legislature shortens an existing statute of limitations for causes of action arising in that state or when it creates an immunity where none existed before, thereby disrupting settled expectations and extinguishing accrued causes of action. Id. at 572-73.
Because statutes of limitations are procedural, they generally apply retroactively. Baker Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 4 (Tex.1999); Attorney Gen. v. Redding, 60 S.W.3d 891, 893 (Tex.App.-Dallas 2001, no pet.). However, a statute of limitations will not be given retroactive effect if to do so would destroy or impair rights that vested before the effective date of the statute. Redding, 60 S.W.3d at 893; see Baker Hughes, 12 S.W.3d at 4.[5]
The legislature can pass legislation affecting a remedy for an accrued cause of action without violating article I, section 16 if it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law. Owens Corning, 997 S.W.2d at 572; City of Tyler v. Likes, 962 S.W.2d 489, 502 (Tex.1997). When the legislature shortens an existing statute of limitations or creates one where none had existed, it must provide a reasonable time for plaintiffs to bring suit after the enactment of the new law, a grace period. Owens Corning, 997 S.W.2d at 572; Wright v. Hardie, 88 Tex. 653, 32 S.W. 885, 886 (1895) ("The legislature may provide a shorter period of limitation for existing causes of action. It may make a statute of limitation for causes when none existed before, but it cannot, by so abbreviating the time in which suit must be brought, take away the right of action altogether. It must allow a reasonable time after the law goes into effect to bring suit upon actions which are not then barred.").
*721 The legislature enacted section 160.607(a) in 2001 as part of Texas's codification of the Uniform Parentage Act.[6] Section 160.607(a) requires that a suit to establish parentage on behalf of a child with a presumed father be brought no later than the child's fourth birthday. TEX. FAM.CODE ANN. § 160.607(a). The enacting language states that section 160.607(a) "applies to a motion or other request for relief made in a parentage or paternity proceeding that is commenced on or after the effective date of this Act [June 14, 2001]."[7]
The statutes in effect from the time that K.N.P. was born in 1992 until June 14, 2001 allowed a mother, a presumed father, or both to bring a suit disputing the presumed father's paternity and attempting to adjudicate an alleged biological father's paternity until the second anniversary of the day the child became an adult, generally age twenty.[8] Thus, until section 160.607(a) became effective, June 14, 2001, Anne and Curtis had the expectation that they could bring their claims at any time until K.N.P.'s twentieth birthday on February 29, 2012. But under the revised statute their suit was immediately barred altogether on June 14, 2001, whereas under the prior statute they would have had approximately eight[9] more years to bring their suit against William. We hold that the statute did not provide a reasonable time for appellants to bring suit after enactment of the new law and therefore violated article I, section 16 of the Texas Constitution.[10] We sustain appellants' first issue.

Did Appellants Pursue Their Cause of Action Within a Reasonable Time?
Having determined that section 160.607(a) did not provide a reasonable time for plaintiffs to bring suit after its enactment, we must next decide whether appellants' suit was filed within a reasonable time after the effective date of section 160.607(a). In Wright v. Hardie, our supreme court held that
[w]here the time [to file suit] has been shortened, and the statute has been running *722 against the cause of action, at the time the new statute takes effect, the rule adopted by the decisions of this court has been to apply absolutely neither the old law nor the new, but to allow such proportion of the unexpired period under the old statute as the time prescribed by it bears to the period limited by the new.

32 S.W. at 886 (emphasis added); see Garcia v. Vasquez, 621 S.W.2d 425, 426 (Tex.Civ.App.-San Antonio 1981, no writ). For example, if under the old law, two-thirds of the time had expired, then one-third of the limitations period established by the new law would be allowed within which to sue. Odum v. Garner, 86 Tex. 374, 25 S.W. 18, 19 (1894).
Here, nine years and three months  approximately 46% of the former limitations period  had expired when appellants filed suit against William; thus, appellants had approximately ten years and nine months  approximately 54% of the former limitations period  remaining to file suit under the former law. Applying the rule as set forth in Wright and Odum, a reasonable, proportionate time for them to file suit under section 160.607(a) would be 54% of four years, approximately two years and two months after the effective date of the statute, or until mid-August 2003.[11] Adding that to the time elapsed under the prior law, appellants had approximately eleven years and five months after K.N.P.'s birth to file a suit seeking to deny Curtis's paternity and establish William's. Appellants did not file suit until January 2004, nearly twelve years later; thus, we hold that they did not file their suit within a reasonable time after the enactment of section 160.607(a). We overrule appellant's second issue.

Conclusion
Although we have determined that section 160.607(a)'s four-year limitations period violated article 1, section 16 of the Texas Constitution by not providing appellants a reasonable time to preserve their claims against William, we do not believe that appellants pursued those claims within a reasonable time after the statute was enacted. Consequently, we affirm the trial court's judgment.
NOTES
[1] Anne and Curtis were still married when they filed suit and when the trial court rendered summary judgment.
[2] None of the parties dispute this status.
[3] Most of the factual background about the relationship among the parties is contained in an uncontroverted affidavit by Anne that appellants filed with their response to appellee William P.'s motion for summary judgment. Although William objected to the evidence as being untimely filed, he did not object to the content.
[4] In their petition, appellants asked that K.N.P.'s last name remain the same as theirs.
[5] A defendant's right to rely on a statute of limitations vests when the limitations period expires. Redding, 60 S.W.3d at 893; see Baker Hughes, 12 S.W.3d at 4.
[6] Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1621; see TEX. FAM.CODE ANN. § 160.101 (Vernon 2002); In re R.A.H., 130 S.W.3d 68, 69 (Tex.2004).
[7] Act of May 25, 2001, 77th Leg., R.S., ch. 821, §§ 3.01-.02, 2001 Tex. Gen. Laws 1610, 1642; In re R.A.H., 130 S.W.3d at 69.
[8] See Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 7, 1983 Tex. Gen. Laws 2346, 2355 (allowing presumed father to bring suit denying paternity), repealed by Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1626; Act of May 28, 1987, 70th Leg., R.S., ch. 689, § 5, 1987 Tex. Gen. Laws 2546, 2548 (allowing mother to bring suit denying paternity of presumed father), repealed by Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1626 (amended 2003); Act of May 24, 1983, 68th Leg., R.S., ch. 744, § 1, 1983 Tex. Gen. Laws 4530, 4531 (providing that suit to determine parentage barred after second anniversary of day child becomes adult), repealed by Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1626; Attorney Gen. v. Lavan, 833 S.W.2d 952, 954 (Tex.1992) (holding that claims to disestablish paternity of presumed father under former family code section 12.06 and to establish paternity of alleged biological father under former family code section 13.01 could be brought together in one suit).
[9] K.N.P. turned twelve approximately one month after appellants filed suit against William.
[10] In Likes, the Texas supreme court held that the time between enactment of a new law and its effective date, approximately three months, was a reasonable time for the litigant in that case to preserve her rights. 962 S.W.2d at 502. Here, however, the time between enactment of section 160.607(a) and its effective date was only twenty days.
[11] This exceeds the one-year limitations period previously rejected by the United States Supreme Court as an unreasonable amount of time for a child with no presumed or adjudicated father to sue for an adjudication of parentage, Mills v. Habluetzel, 456 U.S. 91, 101, 102 S.Ct. 1549, 1555-56, 71 L.Ed.2d 770 (1982), and the two-year period adopted by the drafters of the Uniform Parentage Act, see In re R.O., No. 03-04-00506-CV, 2005 WL 910231, at *4 (Tex.App.-Austin Apr.21, 2005, no pet.) (mem.op.).