

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-15-00014-CV

IN RE S.T.

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 233-553020-14

----------

## OPINION

----------

S.T., relator, filed a petition for writ of mandamus in this court seeking relief from a trial court order allowing a suit to adjudicate his paternity of a child to continue in an action joined with a pending divorce and suit affecting parent-child relationship (SAPCR) between real parties in interest, referred to in this opinion as Husband and Wife. The primary issue is whether S.T. has a vested right to rely on the statute of limitations in effect at the child's birth in February 2002 and when the child turned four years old, or whether an exception to the statute of limitations—which the legislature did not codify until after the former four-year

statute of limitations had run—applies. Based on the particular facts and circumstances of this case, we grant relief.

## Background

Husband filed for divorce from Wife in March 2014. In the petition, Husband denied his paternity of the only child born during the marriage and alleged that he had been precluded from challenging paternity before the statute of limitations ran because Wife's misrepresentations about the child's conception resulted in his mistaken belief that he was the child's father. Husband also sought genetic testing of the child and named an unknown father as respondent. Wife countersued for divorce and alleged that Husband's requested relief was barred on statute of limitations grounds.[1] *See* Tex. Fam. Code Ann. § 160.607 (West 2014).

Husband subsequently filed a third party petition against S.T., the man Husband alleged to be the child's biological father,[2] seeking money damages in

---

[1]Wife argued,

> Petitioner is the presumed father of the twelve year old child subject of this suit and is time barred from bringing a suit to adjudicate the paternity of that child. Petitioner has not met the burden required to maintain said suit outside the limitations period. Because Petitioner is not entitled to bring said suit, Petitioner cannot be a proper party, and he is thus not entitled to an order for genetic testing.

[2]Husband, who filed the only response to the petition for writ of mandamus, attached genetic testing results purporting to show that there is no possibility he is the child's biological father; however, relator claims these results are not part of the trial court record. Regardless, a trial court abuses its discretion by ordering genetic testing if the person seeking the testing is not entitled to

2

"an amount equivalent to what [S.T.'s] child support obligation would have been if he had been established as the father . . . from the time of . . . birth." Husband also filed a motion seeking genetic testing of S.T.

In the meantime, Husband and Wife entered into a rule 11 agreement, in which they agreed (1) to sever the divorce from the SAPCR, (2) that in the final decree Husband would "be adjudicated to not be the father [of the child] and to have no rights and no duties, including the duty of support," and (3) that if Wife recovered any child support from S.T., she would reimburse Husband for "1/3 of any amount recovered . . . if, as, and when received." S.T. filed an objection to the rule 11 agreement; he argued that the issues in the divorce and SAPCR were so intertwined that they could not be severed and that adjudicating Husband to not be the child's father in the decree violates public policy. The trial court suspended operation of the rule 11 agreement.

S.T. filed a third party counterclaim for declaratory judgment, seeking to have the trial court find that any attempt to adjudicate him as the father of the child was barred by the four-year statute of limitations in family code section 160.607 and that Husband is the child's presumed father. *Id.* §§ 160.102(13), 160.204(a)(1), 160.607 (West 2014). S.T. moved for summary judgment on his declaratory judgment claim and on Husband's paternity claims against him. In

maintain a suit to adjudicate paternity, such as when another party is entitled to rely upon a statute of limitations. *See In re Rodriguez*, 248 S.W.3d 444, 451–52 (Tex. App.—Dallas 2008, orig. proceeding). Therefore, we will address the limitations issue without reference to the attachments to Husband's response.

3

addition to arguing that Husband's paternity claims were precluded by operation of the applicable statute of limitations, S.T. also claimed that Husband could not sue him for back child support owed to the community.

In October 2014, the trial court granted an agreed partial summary judgment finding that Husband was the child's presumed father "unless he successfully rebuts that presumption" and that Husband would take nothing on his claim for money damages because "there is no cause of action recognized in Texas by a presumed father to recover retroactive child support against a biological father or to recover damages based on fraud and conspiracy with respect to the child's conception." But the trial court denied S.T.'s motion for summary judgment on the limitations issue.

On January 9, 2015, the trial court signed an agreed "Order for Stipulation of Facts," stating that "IT IS ADJUDICATED, ORDERED AND DECREED that no genuine issue exists with respect to the following facts, which are deemed conclusively proven without need of further evidence for proof thereof, in connection with the trial of this cause": (1) Husband is not the father or biological father of the child; and (2) "[f]acts exist that conclusively establish [Husband's] right to the relief of being able to challenge his paternity of [the child], pursuant to Texas Family Code Section 160.607(b)(2)." Accordingly, the trial court ordered that in the final decree, "it shall be adjudicated that [Husband] is not the father of [the child] and that [Husband] shall have no rights and no duties, including the

4

duty of support, regarding [the child] and as such, no provisions for the right[s] or duties will be included in the final decree."

Although Husband contended in his response to S.T.'s motion for summary judgment that the fraudulent concealment exception to the four-year statute of limitations passed by the legislature in 2011 applied to allow him to avoid limitations, his response to relator's petition for writ of mandamus does not contend that this statutory exception is available to him in avoidance of S.T.'s statute of limitations defense. Instead, he argues here that the common law discovery rule applies and that the 2011 amendment merely incorporated that already-existing common law exception.[3]

## Applicable Law

When the child was born in February 2002, section 160.607 read as follows:

> (a) Except as otherwise provided by Subsection (b), a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than the fourth anniversary of the date of the birth of the child.

> (b) A proceeding seeking to disprove the relationship between a child and the child's presumed father may be maintained at any time if the court determines that:

---

[3]Husband's argument is that the "2011 amendment to Texas Family Code 160.607(b)(2)[] did not add new law but was merely an embodiment of the existing common law, which applies the discovery rule in cases of fraud and breaches of fiduciary duty."

5

(1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; and

(2) the presumed father never openly treated the child as his own.

Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1621–22.  In 2003, the legislature amended section (b)(2) to read, "the presumed father never represented to others that the child was his own."  Act of May 28, 2003, 78th Leg., R.S., ch. 1248, § 4, 2003 Tex. Gen. Laws 3537, 3538.  The child turned four in February 2006.  No party has contended that either of the exceptions listed in (b)(2) applied then or apply now.

In the 2011 session, the legislature changed sections (b)(1) and (b)(2) of section 160.607 so that the current version of section 160.607(b) provides as follows:

(b) A proceeding seeking to adjudicate the parentage of a child having a presumed father may be maintained at any time if the court determines that:

(1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; or

(2) *the presumed father was precluded from commencing a proceeding to adjudicate the parentage of the child before the expiration of the time prescribed by Subsection (a) because of the mistaken belief that he was the child's biological father based on misrepresentations that led him to that conclusion.*

Act of May 27, 2011, 82nd Leg., R.S., ch. 1221, § 8, 2011 Tex. Sess. Law Serv. 3255, 3257–58 (West) (emphasis added).  Husband contends that although the

6

exception in (b)(2) was not in effect when the child was born or when the child turned four years old, he can nevertheless rely on it to defeat the statute of limitations in section 160.607(a).

The enacting legislation for the amendment in (b)(2) states that "[t]he changes in law made by this Act with respect to a proceeding to adjudicate parentage apply only to a proceeding that is commenced on or after the effective date of this Act." *Id.* § 11(b). But relator contends that to apply the 2011 exception to this case impermissibly impairs his vested right to rely on the limitations statute as it existed when the child was born. Whether a law unconstitutionally "impairs vested rights" is decided by whether "it takes away what should not be taken away." *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 143 (Tex. 2010). In determining whether a statute violates the prohibition against retroactive laws in article I, section 16 of the Texas Constitution, courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the legislature's factual findings, the nature of the prior right impaired by the statute, and the extent of the impairment. *Id.* at 145. The Texas Supreme Court has held in three cases involving statutes of limitations that had become vested that to apply an extended or expanded limitations period to allow the plaintiff's claim to go forward would be constitutionally impermissible. *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex. 1999); *Wilson v. Work*, 62 S.W.2d 490, 490–91 (Tex. 1933) (orig. proceeding); *Mellinger v. City of*

7

*Houston*, 3 S.W. 249, 253 (Tex. 1887); *see Robinson*, 335 S.W.3d at 146 ("This Court has invalidated statutes as prohibitively retroactive in only three cases, all involving extensions of statutes of limitations."); *In re K.N.P.*, 179 S.W.3d 717, 720 n.5 (Tex. App.—Fort Worth 2005, pet. denied).

In *Baker Hughes*, the legislature had enacted a three-year statute of limitations for trade secret appropriation claims after the two-year statute had already passed as to the plaintiff's claims. 12 S.W.3d. at 3–4. The new statute of limitations also adopted the application of the discovery rule to trade secret appropriations claims. *Id.* at 3. Although the enabling legislation purported to apply the new statute of limitations to actions pending at the time it was passed in which the trial had not yet begun, the supreme court held that the defendant, Baker Hughes, was entitled to rely on the two-year statute of limitations because it had vested before the new, extended statute of limitations was passed. *Id.* The supreme court had also previously determined that the discovery rule did not apply under the two-year limitations statute. *Id.* at 4–5; *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 458 (Tex. 1996) (op. on reh'g).

**Analysis**

In his response, Husband does not argue that the 2011 amendment to section 160.607(b)(2) applies so that he can rely on that statutory exception; instead, he contends that the 2011 amendment merely codified an already existing application of the common law discovery rule to this type of case. Specifically, Husband argues that because spouses have a fiduciary duty to each

8

other—including the duty of full disclosure of facts affecting the marriage—the common law discovery rule applicable to fraud and breach of fiduciary duty cases operated in this case to toll the four-year statute of limitations.

According to Husband, "the principle of tolling a statute of limitations in the case of fraud or breach of fiduciary duty has been part of Texas case law long before the 2011 amendment of Texas Family Code Section 160.607." Husband cites numerous cases exemplifying this principle: *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988); *Quinn v. Press*, 140 S.W.2d 438, 440 (Tex. 1940); *McClung v. Johnson*, 620 S.W.2d 644, 646 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.); and *Smith v. Knight*, 598 S.W.2d 720, 721 (Tex. Civ. App.—Fort Worth 1980), *writ ref'd n.r.e.*, 608 S.W.2d 165 (1980). But a review of those cases shows that they involved causes of action subject to one of the general limitations statutes, such as the two-year tort limitations statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2014); *see also Little v. Smith*, 943 S.W.2d 414, 422 (Tex. 1997) ("In most discovery rule cases, courts are faced with common-law causes of action and general statutes of limitations. . . . [W]ithin the confines of the federal and Texas Constitutions, the Legislature is free to determine that the discovery rule should not apply in certain cases, and it has done so."); *In re Rodriguez*, 248 S.W.3d 444, 452–53 (Tex. App.—Dallas 2008, orig. proceeding) (explaining that establishment of paternity is matter of

legislative policy and that party may only rely on exceptions to section 160.607 promulgated by the legislature).[4]

The legislature could have chosen to incorporate the discovery rule into the 2001 and 2003 versions of section 160.607(b), but it did not. *See, e.g.*, Tex. Bus. & Com. Code Ann. § 17.565 (West 2011) (incorporating discovery rule into statute of limitations for DTPA cause of action); *Underkofler v. Vanasek*, 53 S.W.3d 343, 346 (Tex. 2001) (refusing to apply common law tolling rule in DTPA legal malpractice case when DTPA limitations statute did not incorporate rule as an exception); *S.V. v. R.V.*, 933 S.W.2d 1, 22 (Tex. 1996) (refusing to apply discovery rule to statute of limitations in sexual abuse civil suits and noting that legislature's newly enacted limitations provisions specific to those types of cases merely expanded the limitations period rather than specifically incorporating the discovery rule). We have found no cases applying the discovery rule to a pre-2011 allegation of fraud by a presumed father regarding the conception of a child during a marriage, and Husband has not cited one. *See In the Interest of J.G.*,

_____

[4]Moreover, the cases Husband cites regarding the fiduciary duty owed to one another by spouses apply the discovery rule only to property division issues in divorce: *Solares v. Solares*, 232 S.W.3d 873, 876–78 (Tex. App—Dallas 2007, no pet.); *Boaz v. Boaz*, 221 S.W.3d 126, 128–30 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *In re Marriage of Moore*, 890 S.W.2d 821, 825 (Tex. App.— Amarillo 1994, no writ). *But cf. Ditta v. Conte*, 298 S.W.3d 187, 191–92 (Tex. 2009) (explaining that there is no statutory limitations provision directed at divorce actions because of changing nature of trust and confidence between spouses that can affect fault grounds). Regardless, because this type of action is governed by a specific statute of limitations and therefore the discovery rule does not apply, we need not decide the full extent of the fiduciary duty owed by Wife to Husband in this case.

No. 04-97-00950-CV, 1998 WL 904303, at \*2 (Tex. App.—San Antonio Dec. 30, 1998, pet. denied) (not designated for publication) (holding that discovery rule did not apply to statute of limitations in family code section 160.110 and stating that "[n]o statute applies the discovery rule to a paternity action"). Accordingly, we conclude and hold that the trial court abused its discretion by determining that Husband (and by virtue of their agreement, Wife) can rely on the application of either the common law discovery rule or the 2011 amendment to section 160.607(b) to defeat S.T.'s right to summary judgment on the limitations issue.

Husband argues that by not incorporating the discovery rule into the 2001 and 2003 versions of section 160.607, the legislature abrogated a long-standing common law right to rely on the common law discovery rule in cases of fraud. *See Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 16 (Tex. 2000); *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex. 1969); *Bruce v. Jim Walters Homes, Inc.*, 943 S.W.2d 121, 122–23 (Tex. App.—San Antonio 1997, writ denied). But a presumed father's ability to deny paternity is itself a creature of statute; before former section 12.06 of the family code[5] was enacted in 1983, a presumed father

---

[5]Section 12.06 of the Family Code, added effective September 1, 1983, provided as follows:

> DENIAL OF PATERNITY. (a) In any suit affecting the parent-child relationship, other than a suit under Chapter 13 of this code, a man is entitled to deny his paternity of the child who is the subject of the suit and who was born or conceived during the marriage of the man and the mother of the child. The question of paternity under this section must be raised by an express statement

11

who was married and living with his wife when a child was born could not deny paternity unless he could establish nonaccess to the wife or impotence. *In the Interest of J.W.T.*, 872 S.W.2d 189, 193 (Tex. 1994) (op. on reh'g); *Amanda v. Montgomery*, 877 S.W.2d 482, 486 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). When the child was born, Husband and Wife had no expectation that the prior statute of limitations would apply because section 160.607 had already been enacted and taken effect. *See K.N.P.*, 179 S.W.3d at 721. However, even if the legislature's enactment of section 160.607 in 2001 had impermissibly shortened a prior statute of limitations on which they could rely, we would still have to determine whether they nevertheless brought their suit within a reasonable time after the prior limitations period on which they could rely expired. *Id.* at 722.

---

denying paternity of the child in the man's pleadings in the suit, without regard to whether the man is a petitioner or respondent.

(b)     In any suit in which a question of paternity is raised under this section, the court shall conduct the pretrial proceedings and order the blood tests as required in a suit under Chapter 13 of this code.

(c)     In any suit in which a question of paternity is raised under this section, the man who is denying his paternity of the child has the burden of establishing that he is not the father of the child.

Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 7, 1983 Tex. Gen. Laws 2346, 2355, *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex. Gen. Laws 113, 282.

Rightly or wrongly, the legislature had determined when the child was born that a four-year statute of limitations applied to a suit to adjudicate paternity and had not yet endorsed the exception relied upon by Husband in this case. Thus, S.T.'s right to rely on that limitations period as a defense vested. *See, e.g.*, *Baker Hughes*, 12 S.W.3d at 4. The Corpus Christi court of appeals has articulated the public policy behind the legislature's determination as follows:

> The purpose of a statute of limitations in cases where a child has a presumed father is to avoid the severance of the parent-child relationship between the child and the presumed father—the psychological father. . . .
>
> . . . .
>
> . . . Section 160.607(a) prevents a mother, *a presumed father*, or any other individual, including the biological father, from destroying the father-child relationship between a presumed father and the child. The purpose of the Uniform Parentage Act . . . , which the Texas Legislature adopted in 2001, *is to protect the child involved in parentage issues*. . . . A statute of limitations in cases where the child has a presumed father usually protects a child because it preserves the established family unit.

*In re A.D.M.*, No. 13-09-00677-CV, 2011 WL 3366381, at *12–13 (Tex. App.—Corpus Christi Aug. 4, 2011, pets. denied) (mem. op.) (emphasis added) (citations omitted). Although the legislature has since allowed for an exception in cases of fraud by misrepresentation, this public policy concern is not frustrated in a case such as this one, in which there is a long-term relationship between the child and presumed father, and the relator's right to rely on the statute of limitations in effect at the relevant time has long since vested.

13

We conclude and hold that the trial court abused its discretion by denying S.T.'s motion for summary judgment seeking a declaration that Husband's suit to adjudicate paternity was barred by limitations.

S.T. also challenges the trial court's agreed Order of Stipulations. According to Husband, S.T. has no standing to challenge the Order of Stipulations because (1) he is not a party to it, (2) the stipulated facts he challenges relate only to the relationship between Husband and the child, and (3) the stipulated facts do not name S.T. as the presumptive father of the child.

Even though the agreed Order of Stipulations does not directly purport to impose liability on S.T., nor does it adjudicate him the child's biological father, the stipulation that "[f]acts exist that conclusively establish [Husband's] right to the relief of being able to challenge his paternity of [the child], pursuant to Texas Family Code Section 160.607(b)(2)," addresses and resolves—contrary to our holding above—S.T.'s challenge to Husband's suit on limitations grounds. Husband and Wife cannot bind S.T., also a party to the underlying proceeding, to this stipulation, nor can they resolve this issue by stipulation. *See Computize, Inc. v. NHS Commc'ns Group, Inc.*, 992 S.W.2d 608, 614 (Tex. App.—Texarkana 1999, no pet.); *Kenneth H. Hughes Interests, Inc. v. Westrup*, 879 S.W.2d 229, 233 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (op. on reh'g) ("Hayman's liability, or lack of same, under the indemnity provision is not an issue that could be properly decided by a stipulation made by parties other than Hayman at a trial in which Hayman did not participate.").

14

Moreover, the stipulations that Husband is not the father or biological father attempt to adjudicate Husband's nonpaternity by agreement contrary to section 160.204(b), which provides that a presumption of paternity may be rebutted in only two ways: (1) by an adjudication under subchapter G of chapter 160 or (2) by the filing of a denial of paternity along with the filing of a valid acknowledgment of paternity by another person. Tex. Fam. Code Ann. § 160.204(b). A suit under subchapter G cannot be maintained without "a man whose paternity of the child is to be adjudicated" joined as a necessary party. *Id.* § 160.603(2) (West 2014). The statutory scheme regarding the establishment of parentage thus contemplates that a child will not be left without a means of support, either by a presumed father or an adjudicated father. *Compare Gribble v. Layton*, 389 S.W.3d 882, 890 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (holding that family code section 160.606 furthers public policy of ensuring that child's parents, rather than taxpayers, support the child), *with* Tex. Fam. Code Ann. § 153.001(a)(2) (West 2014) (providing that public policy of Texas is to provide safe, stable, and nonviolent environment for child), *A.D.M.*, 2011 WL 3366381, at *12 (holding that public policy behind statute of limitations in section 160.607 is to protect the child by preserving an existing family unit); *cf. Goodson v. Castellanos*, 214 S.W.3d 741, 749 (Tex. App.—Austin 2007, pet. denied) ("The destruction of a parent-child relationship is a traumatic experience that can lead to emotional devastation for all the parties involved, and all reasonable efforts to prevent this outcome must be invoked when there is no

15

indication that the destruction of the existing parent-child relationship is in the best interest of the child."). Husband and Wife's agreements in the Order of Stipulations in this particular situation, therefore, contravene the statutory scheme and directly affect S.T.: once Husband is no longer considered a presumed father without the necessity of an adjudication of paternity as required by the statute, no statute of limitations applies to a suit by the child or Wife against S.T. to establish parentage. *See* Tex. Fam. Code Ann. §160.606 (West 2014); *see also In re Ngo*, No. 05-13-00382-CV, 2013 WL 3974136, at *1–2 (Tex. App.—Dallas Aug. 2, 2013, orig. proceeding) (mem. op.) (holding trial court erred by adjudicating parentage of presumed father in divorce decree and granting mandamus relief in subsequent proceeding to adjudicate parentage of alleged biological father). Consequently, we also conclude and hold that the trial court abused its discretion by including the findings regarding Husband's nonpaternity in the agreed Order of Stipulations.

**Adequacy of Remedy**

Because it is interlocutory, a trial court's denial of summary judgment is generally not a ground for mandamus relief. *In re United Servs. Auto. Ass'n [USAA]*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding). This rule is based in part on the justification that a party will not be twice subjected to a trial of the same issues. *Id.* at 314. However, issues involving the rights of parents and children should be resolved expeditiously, and delay in such cases often renders appellate remedies inadequate. *In re Tex. Dep't of Family Protective Servs.*, 210

16

S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (op. on reh'g) (involving trial court's abuse of discretion in failing to dismiss termination of parental rights trial); *see also USAA*, 307 S.W.3d at 314 (holding that mandamus relief was appropriate to remedy denial of summary judgment when USAA had already endured one trial and was facing a second trial on claims barred by limitations).

Here, Husband joined the adjudication of paternity action in the underlying proceeding, and Husband and Wife's agreement regarding property division apparently takes the possible future recovery of child support from S.T. into consideration as part of the property division. Thus, whether Husband's suit to adjudicate paternity of S.T. may continue is a factor in Husband's and Wife's negotiations in the divorce proceeding, as evidenced by their rule 11 agreement and agreed stipulations of fact. Moreover, as we have explained above, allowing Husband and Wife to continue their divorce and SAPCR on the agreed facts contained in the Order of Stipulations would vitiate S.T.'s defense upon the decree's becoming final, regardless of the status of the adjudication proceeding against him. We therefore conclude that S.T. does not have an adequate remedy by appeal. *See Rodriguez*, 248 S.W.3d at 454 (holding that party has no adequate remedy by appeal from trial court's order in contravention of section 160.607 statute of limitations).

## Conclusion

For the reasons set forth above, we conditionally grant S.T. the relief he seeks. We order the trial court to (1) vacate its order denying S.T. summary

17

judgment on his declaratory judgment claim that Husband's suit to rebut the presumption of his paternity of the child and to adjudicate S.T.'s paternity of the child is barred by limitations and (2) render summary judgment for S.T. on his claims.  We also order the trial court to delete the following from the agreed Order of Stipulations:

4. Petitioner is not the father of [the child].

5. Petitioner is not the biological father of [the child].

6. Facts exist that conclusively establish Petitioner's right to the relief of being able to challenge his paternity of [the child], pursuant to Texas Family Code Section 160.607(b)(2).

Except to the specific relief granted herein, the trial court's orders stand.  A writ of mandamus will issue only if the trial court fails to comply with this order.  Additionally, this court's order staying proceedings in the trial court will be automatically lifted upon the trial court's compliance with this court's order as set forth above.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  June 12, 2015

18