# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00329-CV

**Kirk Wayne McBride, Sr., Appellant**

**v.**

**Texas Board of Pardons and Paroles; David Gutierrez, Chair of the Texas Board of Pardons and Paroles; Pamela Thielke, Director of the Texas Department of Criminal Justice; and Michael Arellano, Appellees**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-005456, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After his parole was revoked, Kirk Wayne McBride, Sr., sued the Texas Board of Pardons and Paroles (the Board); David Gutierrez, who is the chair of the Board; Pamela Thielke, who is the director of the Texas Department of Criminal Justice; and Michael Arellano, who is a parole officer according to McBride (collectively the defendants). In his suit, McBride alleged, among other things, that the defendants violated his contractual rights when his parole was revoked. After suing the defendants, McBride filed a motion for summary judgment asserting that he was entitled to judgment as a matter of law on his breach-of-contract claim. The Board and Gutierrez filed a response to McBride's motion asserting that he was not entitled to summary judgment because his motion sought relief on grounds that were not included in his live petition and because McBride failed to establish as a matter of law that a contract existed between

himself and the Board and Gutierrez. After reviewing the motion and the response, the district court denied McBride's motion for summary judgment.

Following the district court's ruling, McBride filed in this Court a notice of appeal challenging the district court's order denying his summary-judgment motion. This Court sent a letter to the parties asking them to explain how this Court may exercise jurisdiction over this appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (authorizing appeals of certain interlocutory orders). In his response, McBride acknowledges that, in general, "under Texas law a party cannot appeal the denial of a motion for summary judgment because it is an interlocutory order and thus not appealable." However, McBride contends that this Court can exercise jurisdiction over his appeal because the district court's order "is a final and appealable order" disposing of his breach-of-contract claim. In other words, McBride argues that the district court's ruling essentially determined as a matter of law that there was no contract between the parties and that, therefore, there "are no claims left to be adjudicated."

We disagree. "[T]he denial of a motion for summary judgment is merely an interlocutory order and is in no way final; therefore, such an order does not finally decide any question before the trial court." *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996, at *3 (Tex. App.—San Antonio July 29, 2009, pet. denied) (mem. op.). Although the legislature has authorized appellate review of certain interlocutory rulings by trial courts, including certain types of orders denying summary judgment, *see* Tex. Civ. Prac. & Rem. Code § 51.014(a), the legislature has not authorized an interlocutory appeal for summary-judgment rulings like the one at issue in this case. Because the district court's order does not fit within one of the statutory exceptions created by the legislature, this Court does not have jurisdiction to consider McBride's appeal of the district court's order denying his motion for summary

2

judgment. *See Fields v. Geico Advantage Ins. Co.*, No. 01-16-00555-CV, 2016 WL 6599614, at *1 (Tex. App.—Houston [1st Dist.] Nov. 8, 2016, no pet.) (per curiam) (mem. op.); *William Marsh Rice Univ. v. Coleman*, 291 S.W.3d 43, 46 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd).

In his response, McBride contends that even if this Court determines that it does not have jurisdiction over this interlocutory appeal, we should construe his response as a petition for writ of mandamus asking this Court to direct "the district court to vacate its order denying" his "motion for summary judgment and enter an order granting the motion." Essentially, McBride urges that the district court misapplied the law when it determined that no contract existed and, therefore, abused its discretion by denying his summary-judgment motion.

Even assuming that McBride satisfied the requirements for filing a petition for writ of mandamus, *see* Tex. R. App. P. 52.1-.11, we would be unable to grant the relief requested. "The standards generally applied in a mandamus proceeding are well-established: 'mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law' and when the petitioning party lacks an adequate remedy by appeal." *In re Turner*, 500 S.W.3d 641, 642 (Tex. App.—Austin 2016, orig. proceeding) (quoting *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding)). Mandamus relief will not be granted "when the law provides another plain, adequate, and complete remedy." *In re Texas Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). "[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). "[S]tanding alone, delay and expense generally do not render a final appeal inadequate." *In re Gulf Expl., L.L.C.*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding); *see also In re City of Dallas*, 445 S.W.3d 456, 462 (Tex. App.—Dallas 2014, orig. proceeding)

(explaining that "to conclude that mandamus review is available in any situation where a trial court may have committed reversible error would be to fundamentally alter our system of trial and appeal" and that "mandamus review is more appropriately reserved for trial court errors" that elude appellate review "and which forever deprive a party of a right that cannot be restored by reversal on appeal").

Generally speaking, mandamus relief is not available when a trial court denies a motion for summary judgment regardless of the merits of the motion. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding). "Only extraordinary circumstances will justify granting mandamus relief when a trial court erroneously denies a motion for summary judgment." *In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 913 (Tex. App.—Fort Worth 2015, orig. proceeding). For example, courts have found extraordinary circumstances justifying mandamus relief where a party had "already endured one trial in a forum that lacked jurisdiction," pursued two appeals of that ruling, and was "facing a second trial on a claim that" was "barred by limitations," *see United Servs.*, 307 S.W.3d at 314; where a summary-judgment motion addressed paternity in a suit affecting the parent-child relationship because "issues involving the rights of parents and children should be resolved expeditiously," *see In re S.T.*, 467 S.W.3d 720, 729 (Tex. App.—Fort Worth 2015, orig. proceeding); and where a four-year-old personal injury case had been put on hold while the parties litigated "an unenforceable settlement agreement," *see In re Robison*, 335 S.W.3d 776, 783 (Tex. App.—Amarillo 2011, orig. proceeding [mand. denied]) (per curiam). McBride has made no comparable showing of extraordinary circumstances in this case. *See In re Ooida Risk*, 475 S.W.3d at 913-14 (denying mandamus relief pertaining to denial of motion for summary judgment asserting breach-of-contract claim). Accordingly, without expressing any opinion on the district court's ruling denying summary judgment, we would

4

conclude that McBride has not established entitlement to the extraordinary relief of a writ of mandamus even assuming that McBride fully complied with the procedural requirements for filing a petition for writ of mandamus.

For all the reasons previously given, we dismiss McBride's appeal for want of jurisdiction.

_____
Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   August 22, 2019