

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00168-CV

_____

M.B., INDIVIDUALLY AND AS NEXT FRIEND OF I.C., Appellant

V.

S.C., Appellee

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-285252-16

---

Dissenting Memorandum Opinion by Chief Justice Sudderth

## DISSENTING MEMORANDUM OPINION

I would hold that the divorce court has exclusive jurisdiction over this action and that to construe the statute as the majority has would lead to an absurd result.

Family Code Section 9.201(a) provides that a former spouse "may file a suit" in the divorce court. Tex. Fam. Code Ann. § 9.201(a). I agree with the majority that the word "may" is permissive, not mandatory, language but I disagree with the majority's conclusion.

The statute provides that a former spouse "may file a suit *as provided by this subchapter.*" *Id.* (emphasis added). The subchapter in question is Subchapter C, "Post-Decree Division of Property," which is found in Family Code Chapter 9, "Post-Decree Proceedings." *See generally id.* §§ 9.201–.205. Within this subchapter, Section 9.203(a) provides that "[i]f a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over the spouses or over the property, *the court shall* divide the property . . . ." *Id.* § 9.203(a) (emphasis added). In context, the phrase "the court" in Section 9.203(a) refers to "a court of this state [that] failed to dispose of property subject to division in a final decree of divorce." *See id.*

In other words, the filing of a suit to divide property that was not divided or awarded to a spouse in a final decree of divorce is permitted as provided by Chapter 9, Subchapter C of the Family Code. *See id.* §§ 9.201–.205. And Chapter 9, Subchapter C of the Family Code authorizes the court that failed to dispose of

2

property to do so post-decree. *See id.* Long-standing common law tenants-in-common principles notwithstanding, when the Legislature enacted Chapter 9, Subchapter C, it supplanted common law principles in favor of a statutory scheme. *Cf., e.g., In re S.T.*, 467 S.W.3d 720, 725–27 (Tex. App.—Fort Worth 2015, orig. proceeding). On its face, this statute does not authorize any court—other than the court that failed to dispose of the property in the first place—to dispose of property that was otherwise subject to division in a final divorce decree.[1]

The majority holds that the "dealer's choice" result forced by its interpretation is not an absurd one. I disagree. It would be absurd, indeed, to allow a party who hid assets during a divorce proceeding[2] to get a second bite at the apple post-divorce by unilaterally filing in the court of his or her choice when the Legislature has provided that the party *shall* receive a "just and right" division of the assets by the divorce court exercising its jurisdiction over the case. *See id.* §§ 7.001, 9.203(a) (emphasis added). The majority's reading creates an incentive for a bad actor to hide assets pending divorce so that he or she can later seek a more advantageous distribution through forum-shopping.

For these reasons, I respectfully dissent.

---

[1]To the extent that this interpretation is in conflict with our earlier decision in *Huey-You v. Kimp*, No. 02-16-00172-CV, 2018 WL 359633 (Tex. App.—Fort Worth Jan. 11, 2018, pet. denied) (mem. op.), we should overrule *Huey-You*.

[2]I do not mean to imply that the hiding of assets occurred here.

/s/Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 9, 2020