ACCEPTED
15-25-00002-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/3/2025 3:38 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00002-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/3/2025 3:38:20 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth District of Texas

*In re* Synergy Global Outsourcing, LLC,

*Relator.*

Original proceeding arising from the
First Business Court Division, Dallas County No. 24-BC01B-0007
*Hon. Bill Whitehill, Presiding*

## Reply in Support of Petition for Writ of Mandamus

David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
Michael K. Hurst
  State Bar No. 10316310
  mhurst@lynnllp.com
Gregory A. Brassfield
  State Bar No. 240799900
  gbrassfield@lynnllp.com
Daniela Vera Holmes
  State Bar No. 24124113
  dholmes@lynnllp.com
Leo Park
  State Bar No. 24122983
  lpark@lynnllp.com

**Lynn Pinker Hurst &
  Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201-7919
Telephone:   (214) 981-3800
Facsimile:    (214) 981-3839

*Attorneys for Relator*

## Table of Contents

Table of Contents.................................................................................................2

Introduction ......................................................................................................3

Reply Argument ................................................................................................3

    1.    The text does not prevent jurisdiction and Relator's case effectuates the legislature's intent ...................................3

    2.    Rules of statutory construction prevent Defendants' interpretation ...........................................................4

    3.    The procedural nature of H.B. 19 § 8, read consistently with other statutes, permits inclusion of this case in the business court ...................................................5

    4.    Defendants' citation to administrative material and commentary do not illuminate the Legislature's intent. ..........6

Conclusion .......................................................................................................7

Certificate of Service.........................................................................................9

Certificate of Compliance .................................................................................9

## Introduction

The business court abused its discretion by misconstruing H.B. 19 §
8 and remanding this case to the 191ˢᵗ District Court, which permanently
deprived Relator of its right to litigate in the forum best suited to adjudicate
these claims. Accordingly, mandamus relief is appropriate and in similar
situations, the Texas Supreme Court has held as much by issuing writs of
mandamus. This Court should issue the writ compelling the business court
to adjudicate Relator's case.

## Reply Argument

In reply to the arguments of the real parties in interest, Relator makes
the following four points.

### 1. The text does not prevent jurisdiction and Relator's case effectuates the legislature's intent

Nothing in H.B. 19 Section 8 excludes this case from the business
court's jurisdiction.[1] Indeed the plain reading of the text is silent as to cases
commenced before September 1, 2024. The Court should not interpret this
silence as a prohibition of jurisdiction.

"The primary objective in construing any statute is to determine and
give effect to the Legislature's intent." *Warner v. Glass*, 135 S.W.3d 681, 683
(Tex. 2004). Interpreting H.B. 19 to permit removal of cases filed before

---

[1] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8 ("The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.").

September 1, 2024—such as this one—is consistent with its text,[2] and the act's express purposes of relieving back logged district court dockets and funneling complex business disputes to be resolved by the business court.[3]

Relator's case—a business case with internal governance disputes, the complexity of which has languished in the district court for over 5 years—is exactly the kind of case the Legislature intended the business court to resolve.

**2. Rules of statutory construction prevent Defendants' interpretation**

Defendants insist that Section 8 prohibits the business court from exercising jurisdiction conferred upon it by the Legislature.[4] However its reading of Section 8 is contrary to the Texas Supreme Court's instruction that "[a] court *may not* judicially amend a statute by *adding* words that are not contained in the language of the statute."[5] Defendants'[6] position implies the addition of "only" to Section 8, where the Legislature did not include it. D civil actions commenced before September 1, 2024.

---

[2] Tex. Gov't Code Ann. § 25A.006(d) ("A party to an action *filed* in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court.") (emphasis added).

[3] *See* House Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 19, 88th Leg., R.S. (2023) (discussing the need to "streamline resolutions of business disputes" and relieve backlogged district court dockets).

[4] *See* Tex. Gov't Code Ann. § 25A.004(c) (conferring business court jurisdiction).

[5] *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 543 (Tex. 2021).

[6] Resp. 13 ("Synergy renders Section 8 meaningless.").

### 3. The procedural nature of H.B. 19 § 8, read consistently with other statutes, permits inclusion of this case in the business court

The Court should reject Defendants' interpretation because it turns decades of legislative acts on their head. The Legislature consistently and deliberately uses the word "only", when it intends an act to be effective only prospectively.[7] Tellingly, the Legislature did not do so here.

Defendants' and the business court's theory is contrary to the Court's instruction that "every word excluded from a statute must . . . be presumed to have been excluded for a purpose".[8] And, if accepted, would render portions of many other legislative acts superfluous.[9] Further, the Court should not hold that the absence of the word "only" is meaningless, because it is contrary to the canon that presumes the entirety of a statute is intended to have effect.[10]

Furthermore, there is no dispute that Chapter 25A's rule regarding removal that Relator invokes is procedural. And the "well settled"[11] and

---

[7] *See* Pet. 16-18 (citing acts from 1999 to 2021 applying changes in law "***only***" to conduct occurring on or after the act's effective date); *see also,* Act of May 17, 2023, 88th Leg., R.S., ch. 763, § 2 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 52.007) ("The change in law made by this Act applies ***only*** to a civil action commenced on or after the effective date of this Act. A civil action commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose." (emphasis added)); Act of May 12, 2011, 82nd Leg., R.S., ch. 148, § 6, 2011 Tex. Gen. Laws 683, 684 (using "only" three times to reflect only prospective application of the "changes in law").

[8] *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

[9] *See infra* n. 13.

[10] *See* Tex. Gov't Code § 311.021(2).

[11] *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (quoting *Wilson v. Work*, 62 S.W.2d 490, 490 (Tex. 1933) (orig. proceeding) (per curiam)).

"general rule is that a new remedial or procedural statute applies to both pending and future actions."[12] Of course the Legislature knew this and selected its words deliberately. This shows that this procedural law does not apply *only* "to civil actions commenced on or after September 1, 2024"[13] and therefore can apply to this case commenced before that date.

### 4. Defendants' citation to administrative material and commentary do not illuminate the Legislature's intent.

Defendants cite a non-binding memo from the Texas Office of Court Administration and third-party attorney commentary.[14] But secondary materials should not be consulted for statutory interpretation, particularly when, as here, there is no ambiguity to resolve.[15] In any event, none of these secondary materials illuminate the *Legislature's* intent. "Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language."[16]

---

[12] *Att'y Gen. of Tex. v. Redding*, 60 S.W.3d 891, 893 (Tex. App.—Dallas 2001, no pet.); *see Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)) ("Similarly, the United States Supreme Court has held that a new statute conferring or ousting jurisdiction applies to existing suits.").

[13] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8.

[14] *See* Resp. 15-18.

[15] *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("When a statute is not ambiguous on its face, it is inappropriate to use extrinsic aids to construe the unambiguous statutory language."); *see also Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d at 473 (J. Willett, concurring) ("Even in rare cases where we mine secondary sources to help clarify ambiguity, judges, while not limited *to* the text, should always be limited *by* the text." (emphasis in original)).

[16] *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015).

## Conclusion

For the reasons stated in Relator's Petition and this Reply, Relator asks this court to find that the business court abused its discretion by declining to exercise its jurisdiction and remanding this case to the Dallas County District Court; and issue a writ of mandamus directing the business court to vacate its remand order; and grant all other relief to which Relator may be justly entitled that is consistent with the above dispositions.

Respectfully submitted,

*/s/ David S. Coale*

David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
Michael K. Hurst
  State Bar No. 10316310
  mhurst@lynnllp.com
Gregory A. Brassfield
  State Bar No. 240799900
  gbrassfield@lynnllp.com
Daniela Vera Holmes
  State Bar No. 24124113
  dholmes@lynnllp.com
Leo Park
  State Bar No. 24122983
  lpark@lynnllp.com
**Lynn Pinker Hurst &
  Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

***Attorneys for Relator***

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on all counsel of record via eFile Texas on February 3, 2025.

/s/ David S. Coale
David S. Coale

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), this brief complies with Rule 9.4 because the total number of all words in this document is 1,452.

/s/ David S. Coale
David S. Coale

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Coale on behalf of David Coale
Bar No. 787255
dcoale@lynnllp.com
Envelope ID: 96922223
Filing Code Description: Other Document
Filing Description: Reply in Support of Petition for Mandamus
Status as of 2/3/2025 3:59 PM CST

Associated Case Party: Synergy Global Outsourcing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ronni Bracken | | rbracken@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| David S.Coale | | dcoale@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Daniela Vera Holmes | | dholmes@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 2/3/2025 3:38:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 2/3/2025 3:38:20 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 2/3/2025 3:38:20 PM | SENT |
| Bill Whitehill | | BCDivision1B@txcourts.gov | 2/3/2025 3:38:20 PM | SENT |
| Ravi Bhalla | | rbhalla@susmangodfrey.com | 2/3/2025 3:38:20 PM | SENT |

Associated Case Party: Hinduja Global Solutions, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Coale on behalf of David Coale
Bar No. 787255
dcoale@lynnllp.com
Envelope ID: 96922223
Filing Code Description: Other Document
Filing Description: Reply in Support of Petition for Mandamus
Status as of 2/3/2025 3:59 PM CST

Associated Case Party: Hinduja Global Solutions, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Zerda | | jzerda@susmangodfrey.com | 2/3/2025 3:38:20 PM | SENT |
| Lisa Lindsey | | llindsey@susmangodfrey.com | 2/3/2025 3:38:20 PM | SENT |